# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | |
|---|---|
| REALPAGE, INC., REALPAGE VENDOR COMPLIANCE LLC § § § § v. § § ENTERPRISE RISK CONTROL, LLC, § LONNIE DERDEN § § | Civil Action No. 4:16-CV-00737 Judge Mazzant |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Plaintiffs' Motion to Compel Production of Computer Images (Dkt. #49). After reviewing the relevant motion and pleadings, the Court finds the motion should be granted.

### BACKGROUND

This motion is before the Court as Plaintiff's second discovery related motion filed in less than two weeks. The first motion dealt with several alleged discovery issues and the Court entered a memorandum opinion and order (Dkt. #61). The present motion deals with a single issue: Whether the Defendants must turn over a mirror image of all computers involved in development of Defendants' vendor compliance application. The Court grants the motion with modification.

This issue stems from a deficiency of the source code produced by Defendants so far. Defendant Enterprise Risk Control, LLC ("Enterprise") began developing a vendor compliance application sometime in 2012 after Lonnie Derden ("Derden") left his employment with Plaintiffs. Around the same time, Tom Bean ("Bean") also left his job with Plaintiffs and began his own software development company, IDC Software LLC ("IDC"). Sometime in 2012, Derden hired Bean and IDC to create a vendor compliance application. Derden instructed Bean

that he wanted an application that was "completely different" than Plaintiffs' application. Bean worked on this code for Enterprise until Enterprise hired him as a full-time employee in July 2013. According to Bean's affidavit, when he joined Enterprise he transferred his code onto Enterprise's computers and removed the code from IDC's computer.

On December 19, 2016, and according to the Agreed Protective Order and Source Code Protocol (Dkt. #34), Defendants made their source code available to Plaintiffs. The portions of code that Defendants produced account for all development starting July 3, 2013 until present day. Plaintiffs investigated the source code and identified comments made by "ERC Development" on July 23, 2012 and comments by Bean on October 23, 2012 and April 28, 2013. Defendants have not produced the source codes encompassing these dates. Defendants insist that the pre-July 2013 source code was destroyed and therefore cannot be produced.

On March 1, 2017, Plaintiffs filed this motion seeking a mirror image of all computers used in the development of Defendants' vendor compliance application (Dkt. #49). On March 15, 2017, Defendants filed a response (Dkt. #56). On March 22, 2017, Plaintiffs filed a reply (Dkt. #58).

**LEGAL STANDARD**

Courts hesitate to authorize direct access to an opposing party's electronic storage device. *A.M. Castle & Co. v. Byrne*, 123 F. Supp. 3d 895, 900 (S.D. Tex. 2015). As a threshold matter, the requesting party must show that the responding party has somehow defaulted in its obligation to search its records and produce the requested data. *In re Weekley Homes, L.P.*, 295 S.W.3d 309 (Tex. 2009). The requesting party should also show that the responding party's production "has been inadequate and that a search of the opponent's [electronic storage device] could recover

deleted relevant materials." *Diepenhorst v. City of Battle Creek*, No. 1:05-CV-734, 2006 WL 1851243, at *3 (W.D. Mich. June 30, 2006).

Courts have however been more open to allowing access to computer files when the computer was used to download trade secrets, the misappropriation of which is at issue in the suit. *A.M. Castle & Co.*, 123 F. Supp. 3d at 901. However, only a qualified expert should be afforded such access. *Diepenhorst*, 2006 WL 1851243, at *2. Consistent with the prohibition against fishing expeditions, a court may not give the expert *carte blanche* authorization to sort through the responding party's electronic storage device. *See In re Ford Motor Co.*, 345 F.3d 1315, 1317 (11th Cir. 2003).

**ANALYSIS**

Although the Court does not necessarily agree with Plaintiffs' characterization of facts and of Defendants' behavior during discovery, the Court nevertheless finds good cause that limited forensic imaging should be conducted because a search of Defendants' electronic devices could recover important deleted materials.

The Court does not agree with Plaintiffs when they argue that Defendants have changed their theory on whether more code exists. The letter from Defendants' counsel Joseph Regan ("Regan") stated, "There is nothing more, and no earlier versions,' the [Enterprise] has to produce" (Dkt. #49, Exhibit C at p. 3). The fact that Plaintiffs' expert David Cowen found comments dating back to October 2012 does not refute this assertion (*See* Dkt. #49, Exhibit D at p. 4). Even though somebody clearly worked on the code back in October 2012, the Court already recognized that Defendants' have provided sufficient explanation of good faith destruction of pre-July 2013 code (Dkt. #61 at p. 15). Therefore, Defendants take a consistent

position by claiming that even if changes were made to code before July 2013, they do not have possession of that code because Bean destroyed the code when he joined Enterprise in July 2013.

Further, the Court does not find that Defendants have been egregiously uncooperative in discovery. Plaintiffs cite their own motion to compel to support their assertions that Defendants have not complied with discovery requests (*See* Dkt. #49 at p. 5). However, the Court did not find egregious misconduct in its order on the motion.

However, the Court did find that Bean's destruction of pre-July 2013 code was a difficult issue. The Court did not order any further production in its order on Plaintiffs' motion to compel because Plaintiffs asked for product data, design specifications, operations specifications, and related documents to be produced directly to them. Rule 34(a) does not give the requesting part the right to conduct the actual search of responding party's electronic files. *In re Ford Motor Co.*, 345 F.3d at 1317. Therefore, production would not have been inappropriate at that time. Here, however, Plaintiffs have requested a neutral forensic expert to examine Defendants' relevant computers to investigate the missing pre-July 2013 source code.

The Court finds a very tailored examination is appropriate. Plaintiffs code complaints center around the missing pre-July 2013 code. Defendants have produced code from July 2013 to present day. Plaintiffs do not complain about portions of this code. Plaintiffs do complain, however, about comments made before July 2013. Further, Plaintiffs do not cite any reasons why code from after July 2013 would be enlightening on the issues. The Court finds that the most relevant code is the instant that Bean deleted the code. That instant is most enlightening as to what happened to the earlier comments and whether there was any spoliation. Therefore, the Court agrees that a tailored examination is appropriate at this time to determine whether the missing code is recoverable or to enable effective cross-examination as to its destruction.

Plaintiffs are entitled to a third-party forensic expert to examine pertinent mirror images. Plaintiffs did not suggest a tailored method of inspection in their motion, they did however suggest a method in their reply. The Court finds Plaintiffs are entitled to a third-party examination of mirror images of computers and storage devices used by Tom Bean in July 2013. This includes both Enterprise and IDC devices. The search is limited in scope to determine only whether any of the allegedly deleted source code is recoverable. If the code is not recoverable, the forensic examiner may search more to determine the details of deletions of the particular files so that Plaintiffs may adequately cross-examine.

## CONCLUSION

It is therefore **ORDERED** that Plaintiffs' Motion to Compel Production of Computer Images (Dkt. #49) is hereby **GRANTED**. Defendants shall produce a mirror image to the neutral forensic expert for inspection within seven (7) days of this order. The forensic examiner shall produce a report by April 12, 2017.

**IT IS SO ORDERED.**
**SIGNED this 30th day of March, 2017.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE